COMP
NICHOLAS M. WIECZOREK, ESQ.
Nevada Bar No. 6170
CLARK HILL PLLC
1700 Pavilion Center Drive, Suite 500
Las Vegas, NV 89135
Telephone:	(702) 862-8300
Facsimile:	(702) 778-9709
nwieczorek@clarkhill.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAGIC SCAPES, LLC, a Nevada Limited-Liability Co.; and BRADFORD L. WOODRUFF, an individual<br><br>Plaintiffs,<br><br>v.<br><br>Regus/Bank of Nevada Complex; Regus Management Group, LLC; Regus Corporation; and DOES 1-10<br><br>Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT** |

Plaintiffs Magic Scapes, LLC and Bradford L. Woodruff, through their attorney Nicholas M. Wieczorek and on behalf of themselves allege as follows:

## THE PARTIES

1. Plaintiff Magic Scapes, LLC ("Magic Scapes") is a Nevada limited liability company. Plaintiff Bradford L. Woodruff ("Woodruff") is Magic Scapes' president and principal officer. Plaintiff Woodruff is a resident of Clark County, Nevada.

2. Defendant Regus/Bank of Nevada Complex is a subsidiary business entity to co-defendant Regus Management Group, LLC and/or Regus Corporation. Regus is in the business of providing rental agreements or leases for subleased office properties in 3000 locations across the United States including 900 cities including Las Vegas, Nevada. Regus/Bank of Nevada

Complex is one such location located at 7251 West Lake Mead Boulevard, suite 300, Las Vegas, Nevada 89128.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1367 and 15 U.S.C. section 1681p et seq. This controversy exceeds, exclusive of interest and costs, the sum of $75,000.

4. Venue is proper in this federal judicial district pursuant to 28 U.S.C. section 1391(b)(2) in that the conduct from which the within controversy arises occurred in the jurisdiction of the Southern Division.

## GENERAL ALLEGATIONS

5. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 4 of this Complaint, incorporate them by reference, and further allege as follows:

6. Plaintiffs were the holders of an office suite space lease with defendants during the 2019 to 2020 time period. As a result of the COVID pandemic, plaintiff Woodruff notified Regus in early 2020 that he was vacating his suite at the Lake Mead location. Plaintiff Woodruff had utilized the option provided by Regus at its website to notify Regus of his cancellation of his agreement in 2020.

7. Despite being notified of the cancellation of the agreement, Regus continued to send monthly invoices and demands for lease or rental payments to plaintiff Woodruff. Ultimately, plaintiff Woodruff's account was referred to Nationwide Recovery Systems. In October 2020, Mr. Woodruff entered into a settlement agreement with Kelly Martin of the Commercial Collections Department of Nationwide Recovery Systems to pay the total sum of $827.25 in full resolution of all pending and disputed past due charges owing to his account. This agreement was confirmed by Ms. Martin in an email communication with Mr. Woodruff.

8. Despite this settlement, Regus continued to send statements of account and invoices to Mr. Woodruff on monthly or semi-monthly frequency during the balance of 2020, 2021, and 2022. These invoices asserted that Mr. Woodruff and Magic Scapes continued to owe sums under the original agreement which was cancelled.

9. Mr. Woodruff had various telephone conversations with employees and

representatives of Regus, including at the Bank of Nevada location and through Regus' Help Desk to resolve this situation. These contacts and communications were unproductive, and Regus refused to recognize the settlement agreement between Magic Scapes/Mr. Woodruff and Nationwide Recovery Systems.

10. Prior to the settlement with Nationwide Recovery Systems, plaintiffs had dutifully fulfilled all obligations and made all necessary payments under the office leasing agreements with Regus and the settlement.

11. On May 6, 2021 counsel for Magic Scapes/Mr. Woodruff directed correspondence to Regus/Bank of Nevada Complex indicating that Mr. Woodruff was now represented by legal counsel and demanding that Regus cease and desist further efforts to communicate with Mr. Woodruff and/or collect disputed sums pursuant to his cancelled contract. Neither Mr. Woodruff nor his counsel received a response from Regus to this communication, however, payment reminders continued to be sent to Mr. Woodruff. A true and correct copy of this communication is attached as Exhibit A to this Complaint.

12. Despite the fact that the May 6, 2021 letter instructed Regus not to attempt further communications with Mr. Woodruff in efforts to collect what he disputed as debt, Regus continued to send communications to Mr. Woodruff in violation of federal law.

13. July 7, 2021 counsel on behalf of Magic Scapes/Mr. Woodruff directed follow-up correspondence to Regus, again demanding the cessation of efforts to communicate with Mr. Woordruff and/or collect on disputed lease obligations or other debt. Regus did not acknowledge or respond to those subsequent communications. Attached as Exhibit B to this Complaint is a true and correct copy of counsel's July 7, 2021 communication.

14. On January 30, 2023, Mr. Woodruff/Magic Scapes received an email communication from the "Lake Mead Team" at Regus containing the following statement: "Despite several attempts to contact via email and phone to remind you about your debt and breach of agreement, we have not heard back from you. It is important you reach out to us now to discuss how and when you will pay the balance to avoid your debt being reported to a credit bureau and handed over to a collection agency or law firm."

15. In response to this communication, counsel for plaintiff directed another letter to Regus dated February 7, 2023. In that letter counsel again reiterated that Mr. Woodruff had communicated with Regus on two separate occasions demanding a cessation of efforts to collect on disputed debt and pointing out that the debt had been compromised by Regus' agent. The letter further pointed out that Regus' clear disregard for federal statutory protections provided to individuals such as Mr. Woodruff constituted efforts to intimidate him through threats and intimidation to make payments which he challenged. Attached hereto as Exhibit C is a true and correct copy of counsel's February 7, 2023 communication.

16. In response to this communication Briana Muzquiz, Community Manager Team Lead-Las Vegas Nevada for Regus directed email communication to plaintiff and counsel. In this communication Ms. Muzquiz requested documents which had previously been provided to Regus as well as further information regarding the compromise of the account balances. Information responsive to Ms. Muzquiz' request was sent to her on February 17, 2023.

## FIRST CLAIM FOR RELIEF

*Violation of Fair Debt Collection Practices Act Against All Defendants*

17. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 16 of this Complaint, incorporate them by reference, and further allege as follows:

18. Defendants are debt collectors under 15 U.S.C. section 1692a(6) since they use names or third parties other than their own when attempting to collect their own debts.

19. Defendants violated 15 U.S.C. sections 1592e(2)(A), e(5), and e(10) by contending that plaintiffs pay disputed and/or compromised and negated loan charges despite being provided with clear evidence of the compromise with Nationwide Recovery Systems as indicated above.

20. Defendants further violated federal law by continuing to attempt communication and making payment demand against plaintiffs in violation of federal law and after being admonished not to attempt further communications with plaintiffs but to direct communications through legal counsel.

21. Defendants' such conduct, action and inaction was willful, rendering them liable for actual or statutory and punitive damages in an amount to be determined by the court pursuant

to 15 U.S.C. section 1692k.

## SECOND CLAIM FOR RELIEF

*Intentional Infliction of Emotional Distress Against All Defendants*

22. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 21 of this Complaint, incorporate them by reference, and further allege as follows:

23. At all times relevant and with reckless disregard for their obligations to the plaintiffs, defendants ignored their earlier agreements with plaintiff Woodruff causing significant injury to his health, person and credit.

24. Defendants engaged in extreme and outrageous conduct with the express intention of causing, or reckless disregard of the potential for causing, severe and extreme emotional distress to plaintiff as the actual and proximate result of defendants' conduct.

25. Such extreme and outrageous conduct consisted of multiple acts directed toward plaintiff including, but not limited to, taking money from plaintiffs; falsely representing to plaintiff Woodruff the status and terms of the lease; intentionally delaying action; sending multiple threatening letters to plaintiffs which falsely represented the lease status.

26. The outrageous nature of defendants' conduct was heightened by the fact that they knew they were interfering with plaintiffs' economic and credit will-being and was driven by pure financial greed.

27. As a direct and proximate result of defendant's intentional misconduct the plaintiffs have suffered damages in excess of $25,000, and they should recover an award for general, special and punitive damages.

28. It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action therefore plaintiffs are entitled to an award of attorneys' fees.

## THIRD CLAIM FOR RELIEF

*Negligent Infliction of Emotional Distress Against All Defendants*

29. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28 of this Complaint, incorporate them by reference, and further allege as follows:

30. Due to the malicious and incompetent actions and inactions of defendants, plaintiff

1  Woodruff suffered serious emotional distress causing illness and injury.  These injuries include
2  triggering and exacerbation of preexisting medical condtions to plaintiff as well as sleeplessness,
3  anxiety, insomnia, and other physical manifestations of illness and injury.

   31. As a direct and proximate result of defendants' negligent acts plaintiff has suffered damages in an amount in excess of $25,000.

   32. It has become necessary for plaintiff to retain the services of an attorney to prosecute this action.  Therefore, plaintiff is entitled to an award of attorney's fees.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Actual damages;
2. Statutory Damages pursuant to 15 U.S.C. section 1681(o)(a) and section 164(a)(1) and 15 U.S.C. 1692e(2)(A), e(5), and e(10);
3. Punitive damages;
4. Attorneys' fees;
5. For costs of suit herein; and,
6. For such other, further, or different relief as the Court may deem proper.

DATED this 20 day of March, 2023

          CLARK HILL PLLC

          BY: _____
          NICHOLAS M. WIECZOREK, ESQ.
          Nevada Bar No. 6170
          1700 PAVILION CENTER DRIVE, SUITE 500
          LAS VEGAS, NV 89135
          Attorneys for Plaintiff

**VERIFICATION**

STATE OF NEVADA      )
                     )
                     )
                     )
COUNTY OF CLARK      )


BRADFORD L. WOODRUFF, being first duly sworn, deposes and says: I am the Plaintiff in the above-captioned action titled <u>MAGIC SCAPES, LLC; and BRADFORD L. WOODRUFF v. Regus; Bank of Nevada Complex; Regus Management Group, LLC; Regus Corporation</u>. I am Magic Scapes' president and principal officer. I have read the foregoing Verified Complaint and know the contents thereof; the same is true based upon by review of the documents and information relevant to the inquiries therein, except as to those matters therein stated on information and belief and, as to those matters, I believe them to be true based upon by review of the documents and information relevant to the inquiries therein.

_____
BRADFORD L. WOODRUFF

SUBSCRIBED AND SWORN to before me this __16__ day of __March__, 2023.

_____
NOTARY PUBLIC in and for said County and State.

ANGELICA VONGSAI
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 08-05-2023
Certificate No: 15-2713-1

CLARKHILL\09999\09998-3204\270845303.v1-3/9/23